UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| Christine Parmelee, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Convergent Outsourcing, Inc., <br><br> Defendant. | No. 17-CV-6039 <br><br> **Jury Demanded** |

### CLASS ACTION COMPLAINT

Plaintiff, Christine Parmelee, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Christine Parmelee ("Parmelee"), is a citizen of the State of New York, and a resident of Geneva, New York, from whom Defendant attempted to

1

collect a delinquent consumer debt that she allegedly owed for a Citizens One Auto Finance account.

4.     Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts originally owed to others.  Convergent operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New York.  In fact, Defendant Convergent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.     More than ten years ago, Ms. Parmelee fell behind in paying her Citizens One Auto Finance debt.  Sometime after that debt became delinquent, it was allegedly obtained by Defendant Convergent, which began trying to collect upon it, by sending Ms. Parmelee collection letters dated January 18, 2016 and March 15, 2016.  Copies of these letters are attached as Group Exhibit A.

6.     Ms. Parmelee read each letter shortly after receiving them in the mail.

7.     The statute of limitations in the State of New York for collecting the delinquent car loan at issue was, pursuant to New York CPLR § 213, six years from the date of the last payment.  Defendant's letters are headed "Settlement Offer",

and repeatedly mention settling the debt. Only on the reverse side of the letter, buried at the very bottom, does the letter contain the statement that:

> We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.

*See* Group Exhibit A at pp. 2, 4.

8.     The letters fail to explain why Defendant Convergent cannot sue to collect the debt – for example stating that a law suit is barred by the statute of limitations or that, because of the age of the debt, the consumer cannot be sued for it. Moreover, by stating that "we" cannot sue to collect the debt, Convergent leaves open the possibility that Plaintiff could still be sued on the debt by the creditor.

9.     Defendant's violations of the FDCPA were material because Defendant was attempting to collect a debt which was legally unenforceable. The use of the word "settlement" in a letter can imply, to the least sophisticated consumer, that a legally enforceable obligation still exists. *See McMahon v. LVNV Funding*, 744 F.3d 1010, 1021-1022 (7th Cir. 2014). This unlawful collection attempt could potentially deceive Plaintiff to pay to resolve a debt that is no longer collectible – particularly when the attempted disclaimer appears on the reverse side at the bottom of the pages after a slew of other disclosures.

10.     Even worse, Defendant's violation created a risk of real harm to Plaintiff, in that the letters made it more likely that Plaintiff would inadvertently revive a time-barred debt, transforming a legally unenforceable debt into a legally enforceable debt.

11. When it enacted the FDCPA, Congress found "abundant evidence of the use of abusive deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

12. Congress further declared that "[i]t is the purpose of [the FDCPA] . . . to eliminate abusive debt collection practices by debt collectors . . . ." *Id.* at § 1692(e).

13. As further explained below, Defendant's violations of the FDCPA were certainly the kind of misleading and unfair practices Congress hoped to eliminate when it enacted the FDCPA. Moreover, by creating a risk that Plaintiff would spend money to pay a legally unenforceable debt without first fully understanding her options, and creating a risk that Plaintiff would revive a time-barred debt without understanding the consequences of her actions, Defendant certainly increased Plaintiff's exposure to the dangers (such as personal bankruptcy) that Congress hoped the FDCPA would eliminate.

14. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. *See Altman v. J.C. Christensen & Assoc,*, 786 F.3d 191, 193-94 (2d Cir. 2015); *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

4

## COUNT I
### Violation Of § 1692e(5) Of The FDCPA –
### False, Deceptive or Misleading Statements

16. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take. See 15 U.S.C. § 1692e(5).

18. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA. See Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); McMahon, 744 F.3d at 1019-1022; Buchanan v. Northland Group, 776 F.3d 393, 398-399 (6th Cir. 2015).

19. Although Defendant's letters included a partial disclaimer, that disclaimer was ineffective because it: a) failed to explain that the reason it could not sue was because the debt was time-barred; b) was buried at the bottom of the reverse side of the letter; and c) failed to state that the creditor could not legally sue on the debt. Moreover, Defendant, by offering to settle the debt, implied that the debt was still legally enforceable.

20. The least sophisticated consumer, who does not have a law-school education or experience practicing contract law, would not understand how the statute of limitations works before reading Defendant's letters – and the letters would only confuse the least sophisticated consumer still further.

21. By demanding payment of a time-barred debt, without adequately disclosing the above facts, Defendant made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA.

22. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair or Unconscionable Collection Actions

23.. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692f.

25. Although Defendant included a partial disclaimer, that disclaimer was ineffective because it: a) failed to explain that the reason it could not sue was because the debt was time-barred; b) was buried at the bottom of the reverse side of the letter; and c) failed to state that the creditor could not legally sue on the debt.

6

Moreover, Defendant, by offering to settle the debt, implied that the debt was still legally enforceable.

26.  The least sophisticated consumer, who does not have a law-school eduction or experience practicing contract law, would not understand how the statute of limitations works before reading Defendant's letters – and the letters would only confuse the least sophisticated consumer still further.

27.  Defendant, by sending letters to Ms. Parmelee to collect on a debt which was time-barred, without adequately disclosing that fact, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

28.  Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29.  Both counts are brought by Plaintiff Christine Parmelee, individually and on behalf of a Class consisting of consumers with New York State addresses, as follows:

> All consumers with New York state addresses, who: (a) within one year of January 17, 2017; and (b) who Defendant Convergant claimed owed a debt to Citizens One Auto Finance; (c) were sent a debt collection letter by Defendant Convergant substantially similar to either of the letters attached as **Group Exhibit A**; (d) such letter was not returned by the postal service as undelivered; and (e) who had not made any payment on such alleged debt to Citizens One Auto Finance or any of its representatives

or assigns for at least six years before receiving such letter.

30. This action seeks a finding that Defendant's collection letters violate the FDCPA, and asks that the Court award class members actual damages as authorized by § 1692k(a)(1) of the FDCPA and statutory damages as authorized by § 1692k(a)(2) of the FDCPA.

31. Defendant regularly engages in debt collection, using collection letters similar to those it sent Plaintiff Parmelee, in its attempts to collect delinquent consumer debts from other consumers.

32. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers collection letters similar to those it sent Plaintiff Parmelee.

33. Plaintiff Parmelee's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or

substantially impair or impede their ability to protect their interests. Convergent has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35.    Plaintiff Parmelee will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Convergent's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Parmelee has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Christine Parmelee, individually and on behalf of all others similarly situated, prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Parmelee as Class Representative of the Class, and her attorneys as Class Counsel;

3.    Find that Defendant's collection letters violate the FDCPA;

4.    Enter judgment in favor of Plaintiff Parmelee and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorney fees as provided by § 1692k(a) of the FDCPA; and

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christine Parmelee, individually and on behalf of all others similarly situated, demands trial by jury.

Dated:  January 17, 2017

                              Christine Parmelee, individually and on behalf of all others similarly situated,

                              By: /s/ Brian L. Bromberg___
                              One of Plaintiff's Attorneys

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
brian@bromberlawoffice.com
jonathan@bromberglawoffice.com

David J. Philipps    (Ill. Bar No. 06196285)    (*Pro hac vice* to be filed shortly)
Mary E. Philipps    (Ill. Bar No. 06197113)    (*Pro hac vice* to be filed shortly)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
Tel: (708) 974-2900
Fax: (708) 974-2907
davephilipps@aol.com
mephilipps@aol.com

10